IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE OLIVO, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 05-36 (Erie) |
| ) | |
| v. ) | Judge Sean J. McLaughlin |
| ) | Magistrate Judge Susan Paradise Baxter |
| UNITED STATES OF AMERICA, ) | |
| ) | filed electronically |
| Respondent. ) | |

### RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

AND NOW, comes Respondent, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant United States Attorney for said district, and responds to the Petition for Writ of Habeas Corpus, filed herein, as follows:

### BACKGROUND

On March 14, 2005, Petitioner Jose Olivo filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("the Petition"). In his Petition, Petitioner asserted that the Bureau of Prisons' ("BOP's") rescission of his placement in a Community Corrections Center ("CCC") – which BOP had effected because Petitioner was unable to comply with BOP's transitional program requirements – was improper. As relief, Petitioner sought the reinstatement of the early release credit for which he would have been eligible, had he successfully completed the CCC program, or, in the alternative, a reduction in his sentence based upon credit for his completion of a Residential Drug Abuse Treatment Program ("RDAP").

At the time the Petition was filed, Petitioner was incarcerated at the McKean Federal

Correctional Institution ("FCI McKean") in Bradford, Pennsylvania. On June 17, 2005, Petitioner was released from the custody of BOP based upon his good conduct time. See Inmate Public Information Data, attached hereto as Exhibit A. The Petition was served upon Respondent on August 11, 2005.

## ARGUMENT

Petitioner's habeas challenge to the rescission of his CCC placement should be dismissed as moot, because Petitioner satisfied his federal sentence on June 17, 2005, and has been released from incarceration.

Mootness has been defined as "the doctrine of standing set in a time frame: [t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." United States Parole Commission v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973)); see also, Chong v. District Director, INS, 264 F.3d 378, 383 (3d Cir. 2001). The general principle of mootness derives from the requirement of Article III of the Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy. Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); see also, Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 810-11 (3d Cir. 1989) ("Federal courts having jurisdiction only to decide actual cases and controversies, are 'without the power to decide questions that cannot affect the rights of litigants in the case before them,'" quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)); Liner v. Jafco, Inc., 375 U.S. 301, 306, n. 3 (1964); see also, Hall v. Beals, 396 U.S. 45, 48 (1969). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate [review] . . . The parties must continue to have a personal stake in the outcome of the

lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)).  This means that throughout the litigation, the plaintiff "must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Lewis, 494 U.S. at 477.  A case becomes moot when it is impossible for the court to afford any effectual relief to the prevailing party.  See In re Overland Park Fin.Corp., 236 F.3d 1246, 1254 (10th Cir. 2001).

An incarcerated inmate's challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. See Spencer, 523 U.S. at 7; Sibron v. New York, 392 U.S. 40 (1968).  However, once an inmate's sentence has expired, the relevant inquiry is whether the former inmate still suffers any "collateral consequence" of the conviction, which would satisfy the case-or-controversy requirement.  Spencer, 523 U.S. at 7-8.  Although courts are willing to presume that a wrongful conviction has continuing collateral consequences, see id., in other circumstances it is the burden of the petitioner to demonstrate that collateral consequences, sufficient to meet Article III's case-or-controversy requirement, exist in order to avoid having a case dismissed on mootness grounds. Id.; see also, United States v. Probber, 170 F.3d 345, 348 (2d Cir. 1999).

In the matter at hand, Petitioner has not challenged his conviction; only the effect that his placement in a CCC would have upon the length of his sentence.  Accordingly, collateral consequences should not be presumed in such a situation, but must be established by Petitioner, who has failed to raise this issue.  Furthermore, courts have found that collateral consequences sufficient to create a "case or controversy" do not result under similar circumstances. Cf. Spencer, 523 U.S.

3

at 14-17 (holding that no collateral consequences arise from a parole revocation; therefore the expiration of a prisoner's sentence moots his habeas petition challenging that revocation); <u>United States v. Kissinger</u>, 309 F.3d 179, 181-83 (3d Cir. 2002) (no collateral consequences ensue from the revocation of a former's inmate's supervised release; therefore there is no live case or controversy, and appeal should be dismissed); <u>Nonette v. Small</u>, 316 F.3d 872, 875-76 (9th Cir. 2002) (a petition for habeas corpus which challenged the revocation of good conduct time and administrative segregation would present no live case or controversy after petitioner's release from incarceration, and petition for habeas corpus would have to be dismissed as moot).

There is no habeas remedy available for Petitioner. Once Petitioner's sentence was satisfied and he was released from BOP custody, Petitioner no longer had a "personal stake," <u>see</u> <u>Lewis</u>, 494 U.S. at 477, in the additional early release credits which are the subject of his Petition. Furthermore, he does not claim, nor can he establish, any collateral consequence to the rescission of his CCC placement which would permit this Court to retain jurisdiction over the matter. "[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so." <u>Spencer</u>, 445 U.S. at 17. Any possible entitlement Petitioner had in the requested relief ended on June 17, 2005, the date he satisfied his federal sentence. Because there is "nothing for [the court] to remedy," <u>see id</u>., the Petition must be dismissed as moot.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Respondent respectfully requests that the Court deny Petitioner's Petition for Writ of Habeas Corpus.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

 s/ Christy Wiegand
CHRISTY WIEGAND
Assistant U.S. Attorney
U.S. Courthouse and Post Office
700 Grant Street, Suite 4000
Pittsburgh, PA   15219
(412) 644-3500

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within *Response to Petition for Writ of Habeas Corpus*, by mail or electronic filing, upon the following:

Jose Olivo
(No. 08191-067)
c/o FCI McKean
PO Box 8000
Bradford, PA 16701

    s/   Christy Wiegand
CHRISTY WIEGAND

date:   August 29, 2005