IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE OLIVO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-36E |
| ) | JUDGE SEAN McLAUGHLIN |
| UNITED STATES OF AMERICA, ) | MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that this Petition for Writ of Habeas Corpus filed by a federal prisoner who has since been released from custody be dismissed because it is moot.

### II.   REPORT

Petitioner Jose Olivo filed this petition on March 15, 2005, asserting that the Bureau of Prisons had improperly rescinded his placement in a Community Corrections Center ("CCC"). Olivo seeks as relief in his petition the reinstatement of early release credit he would have been entitled to had he successfully completed the CCC program. The United States Attorney has responded to the petition (Docket #9) asserting that it is now moot due to Olivo's release from federal custody on June 17, 2005. Respondent has attached as an exhibit Olivo's Inmate Public Information Data reflecting his release in June 2005 (Docket #9, Exhibit A). The petition is now ripe for disposition.

Article III, § 2 of the Constitution limits the jurisdiction of the federal courts to actual "cases or controversies." This is a "bedrock requirement" and requires the plaintiff to establish that he or she has proper "standing" to sue. Raines v. Byrd, 521 U.S. 811, 818 (1997) (internal citations omitted). The constitutional minimum of standing contains three elements, only the third of which is relevant here. It must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504

U.S. 555, 560-561 (1992). Put another way, to meet the standing requirements of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. Raines, 521 U.S. at 818 (quotation omitted).

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). An exception to this general rule arises where a prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. Maleng v. Cook, 490 U.S. 488, 491-492 (1989); Chong, 264 F.3d at 384; United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988). Here, Olivo was not seeking to invalidate his conviction. Instead, he was seeking an earlier release from federal custody based upon credit for completion of an early release program. He since obtained that release and, accordingly, there is no state or federal confinement from which this court could release petitioner, nor is there any relief which this court could grant petitioner. This petition is moot, and should be dismissed on that basis.

## III.    CONCLUSION

Wherefore, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed.[1]

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the

---

[1] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

      /s/Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: March 8, 2006